**Donald P. DeFRANCESCO, Plaintiff,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 87 C 5091.**

United States District Court, N.D. Illinois, E.D.

Feb. 24, 1988.

Frederick J. Daley, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Thomas P. Walsh, Asst. U.S. Atty., Donna Morros Weinstein, Chief Counsel, Region V by Felisia Wesson, Asst. Regional Counsel, Dept. of Health and Human Services, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before this court are both parties' motions for summary judgment in a Social Security disability benefits case. For the reasons stated herein, defendant's motion is granted, and plaintiff's motion is denied.

## I. FACTS

Plaintiff is a 50-year-old man with a high school education. He worked as a truck driver from 1957 to 1984. Between 1978 and 1984 plaintiff held a variety of delivery and service jobs which he allegedly was forced to leave because of his failing health. On October 16, 1985, plaintiff filed an application for Social Security disability benefits. The application alleged that plaintiff became disabled on February 21, 1984 by reason of two heart attacks, diabetes, and numbness in his feet and legs.

At an administrative hearing held on October 16, 1985, testimony was presented by plaintiff, plaintiff's son, and a medical advisor. Various medical reports prepared by physicians who examined plaintiff were also introduced. Based on the testimony and medical reports, the Administrative Law Judge ("ALJ") found that plaintiff's conditions, whether considered individually or in combination, do not equal the level of severity required for a finding of disability under the listing of impairments ("listings") contained in Subpart P, Appendix 1, of the regulations, 20 C.F.R. §§ 404.-1520(d), 416.920(d). In light of the evidence offered at the hearing, the ALJ determined that although plaintiff is precluded from doing his past relevant work, he retains the residual functional capacity to perform a full range of light work. Considering plaintiff's vocational factors, the ALJ relied on the medical-vocational guidelines ("grid") which directed a finding of not disabled. The Secretary of Health and Human Services' ("Secretary") Appeals Council denied plaintiff's request to review the ALJ's findings. Thus, the ALJ's ruling became the final decision of the Secretary.

## II. DISCUSSION

To qualify for disability benefits, a person must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... lasting at least a year." 42 U.S.C. § 416(i). The impairment "must be of such severity that [the applicant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§ 423(d)(1)(A), (2)(A). The burden is on the claimant to demonstrate that he is no longer capable of performing his past relevant work. *Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir.1981). If this burden is satisfied by the claimant, the burden shifts to the Secretary to show that the claimant is capable of engaging in some type of gainful activity. *Ferguson v. Schweiker*, 641 F.2d 243, 246 (5th Cir.1981).

The role of a court reviewing a denial of Social Security benefits is limited to a determination of whether substantial evidence supports the Secretary's decision. 42 U.S.C. § 405(g). Substantial evidence means such evidence that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). In applying this test, a court is bound to consider the factual findings by the Secretary conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

Plaintiff first asserts the Secretary's finding that he is capable of light work is not supported by substantial evidence. According to the definition of light work, a claimant must be able to perform substantially all of the following activities:

1) lifting no more than 20 pounds with frequent lifting or carrying of objects weighing up to 10 pounds;

2) walking and standing for substantial periods of time; and/or

3) sitting for extended periods with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b).

■ Contrary to plaintiff's assertions, a review of the testimony and records offered at the hearing indicates substantial support for the Secretary's determination. Plaintiff testified at the hearing that he is capable of frequently lifting 20–30 pounds. Medical reports introduced at the hearing indicated that plaintiff possesses the ability to stand and sit approximately six hours out of an eight-hour work day. Moreover, the medical advisor testified that plaintiff's conditions would not prevent him from performing the walking required for light work. The medical advisor also opined that plaintiff could do a job which required some pushing or pulling of arm or leg controls.

Plaintiff, however, contends the Secretary's decision failed to recognize certain critical evidence. At the administrative hearing, plaintiff testified that due to pain in his ankles, he is unable to walk more than the distance of a block or drive more than a distance of 17 miles. As plaintiff's testimony demonstrated he is incapable of substantially performing many of the activities required for light work, plaintiff argues a finding of disability was mandated.

An examination of plaintiff's testimony at the hearing shows that plaintiff made various inconsistent claims concerning pain and his ability to walk. In addressing plaintiff's testimony, the ALJ discussed plaintiff's inconsistent statements and determined plaintiff's assertions concerning his physical abilities lacked credibility. As such, the ALJ relied primarily on the medical records and testimony of the medical advisor in making his findings under 20 C.F.R. § 404.1567(b).

An ALJ's credibility findings are entitled to considerable weight and are not to be overturned unless clearly erroneous. *Ima-*

*ni v. Heckler,* 797 F.2d 508, 512 (7th Cir. 1986). The record in this case reveals that on two occasions, plaintiff made conflicting statements concerning chest pain and his ability to walk. Given these facts, the ALJ's credibility finding cannot be disturbed. In the present case, testimony and medical records presented at the hearing show that plaintiff is capable of the activities which characterize light work. The Secretary's findings regarding plaintiff's physical capabilities are thus supported by substantial evidence.

Next, plaintiff argues the Secretary improperly applied the grid in determining that plaintiff is not disabled. Plaintiff alleges that given the testimony concerning his nonexertional impairments, the Secretary's use of the grid was inappropriate and testimony from a vocational expert was necessary to ascertain whether plaintiff is capable of performing a full range of light work.

■ The grid is a set of guidelines designed to assist in determining whether a significant number of jobs exist in the national economy which a claimant can perform when he cannot return to his past relevant work. *Warmoth v. Bowen,* 798 F.2d 1109, 1110 (7th Cir.1986). Normally, application of the grid is proscribed in cases where the claimant has solely nonexertional types of impairments. 20 C.F.R. Part 404, Subpart P, App. 2 § 200.00(e)(1). However, the fact that a claimant has a nonexertional impairment does not immediately preclude utilization of the grid. Application of the grid is inappropriate only in cases where a claimant's nonexertional impairments significantly restrict the full range of gainful employment at a designated level. *Johnson v. Bowen,* 648 F.Supp. 443, 448 (N.D.Ill.1986) *citing Nelson v. Secretary of Health and Human Services,* 770 F.2d 682, 685 (7th Cir.1985).

■ In the present case, the only alleged nonexertional impairment is pain. As previously noted, plaintiff's assertions of pain were found to lack credibility. Weighing plaintiff's assertions of pain in light of his prior inconsistent statements, the Secretary

determined that the range of light work plaintiff is capable of performing is only slightly reduced by his pain. Because the Secretary was entitled to find under the facts in this case that the pain experienced by plaintiff is not of sufficient severity to restrict a full range of light work, the Secretary did not err in using the grid. Even with a slight reduction for pain, the grid shows a significant number of jobs in the light work category remain open to plaintiff. Thus, use of the grid was appropriate.

### III. CONCLUSION

Because the Secretary's denial of benefits is supported by substantial evidence and the use of the grid was appropriate, the Secretary's decision is affirmed. Accordingly, defendant's motion for summary judgment is granted, and plaintiff's motion is denied.

IT IS SO ORDERED.