Jo Ann DeFRANCESCO, on Behalf of Donald P. DeFRANCESCO, Deceased, Plaintiff,

v.

Louis SULLIVAN, Secretary, Health and Human Services, Defendant.

No. 87 C 5091.

United States District Court, N.D. Illinois, E.D.

July 20, 1992.

Frederick J. Daley, Dorie Budlow, Chicago, Ill., for plaintiff.

Thomas P. Walsh, Asst. U.S. Atty., Chicago, Ill. (Donna Morros Weinstein, Chief Counsel, Region V, Dept. of Health and Human Services, Gary A. Sultz, Asst. Regional Counsel, of counsel), for defendant.

## ORDER

NORGLE, District Judge.

Before the court are the parties' cross-motions for summary judgment. For reasons that follow, plaintiff's motion is granted and defendant's motion is denied.

## FACTS

Donald P. DeFrancesco ("DeFrancesco"), a former truck driver suffering from diabetes and heart disease, applied for Social Security disability benefits on October 16, 1985, claiming he was disabled as of February 21, 1984. DeFrancesco's claim was first rejected on November 13, 1986 by an administrative law judge ("ALJ") who found that DeFrancesco retained the ability to do light work. DeFrancesco then lost appeals to the Secretary of Health and Human Services (the "Secretary") and a district court. *DeFrancesco v. Bowen,* 679 F.Supp. 785 (N.D.Ill.1988). His third appeal, however, was successful; the Seventh Circuit reversed the ALJ's decision and remanded the case for a new hearing. *De-*

*Francesco v. Bowen,* 867 F.2d 1040 (7th Cir.1989).[1]

On remand, the same ALJ again rejected DeFrancesco's claim. That decision was reversed by the Secretary's Appeals Council, which ruled on August 22, 1991 that DeFrancesco had been disabled from his fiftieth birthday, March 13, 1986, until his death on December 1, 1988.[2] Mrs. DeFrancesco then sought reconsideration, which the Appeals Council denied on March 10, 1992. She then sought review of the Appeals Council's ruling in this court.

When the initial disability hearing was held in 1986, DeFrancesco was age 50, 6 feet tall, and weighed 200 pounds. He had a high school education and worked as a truck driver until 1984. *Id.* at 1041. His medical history included two heart attacks, in 1970 and 1974, a later episode of congestive heart failure, and poorly controlled diabetes. *Id.* The diabetes caused "peripheral neuropathy," producing diminished sensation and numbness, particularly in his feet, and "intermittent claudication" in his legs, producing pain and frequent cramping. *Id.* DeFrancesco testified that he could not lift more than 30 pounds, could not walk more than a block without stopping to relieve the pain and cramping, or stand for more than ten or fifteen minutes at a time. *Id.* He could drive a car, but occasionally mixed up the brake and gas pedals, and single trips were limited to 17 miles—the distance to his wife's work place. *Id.* at 1041–42.

The ALJ applied the Social Security Administration's Medical–Vocational Guidelines (the "grid") for determining whether a claimant is totally disabled, the threshold for disability benefit eligibility. *Id.* at 1042 (citing 20 C.F.R. pt. 404, subpt. P, App. 2, § 201.00(g)). The Seventh Circuit found that, under the grid, "a person of DeFrancesco's relatively advanced age, limited educational background, and semi-skilled work experience is deemed totally disabled if he is unable to do 'light work'." *Id.* The ability to do a less taxing form of "seden-

tary work" might be sufficient to reject other claims, the Seventh Circuit noted, "but the grid recognizes that sedentary work is not a realistic option for someone of DeFrancesco's age and background." *Id.*

The ALJ's initial rejection of DeFrancesco's claim was based on a finding that DeFrancesco's physical limitations would not prevent him from performing a wide range of jobs within the "light work" category. *Id.* at 1045. The Seventh Circuit reversed that finding as inconsistent with the record and the applicable criteria for "light work" in 20 C.F.R. § 404.1567(b) and Soc.Sec.Ruling 83–10. *Id.* at 1042–45. The Secretary and ALJ were directed, on remand, to "get off their grids" and hear testimony from a vocational specialist as to whether DeFrancesco could perform a sufficient number of "light work" jobs to warrant a finding that DeFrancesco was not totally disabled. *Id.* at 1045.

During the post-remand proceedings before the ALJ and the Appeals Council, extensive additional evidence was introduced concerning DeFrancesco's medical condition. Also submitted was the testimony and a follow-up letter by vocational expert, James Miller. In the letter, Miller stated that if DeFrancesco's testimony as to his medical condition is fully credited, the only "sedentary" category jobs DeFrancesco could perform in the Chicago area would be approximately 400 evening cashier positions, an insignificant number considering the size of the area's job market.

The March 10 Appeals Council ruling was based on application of the grid to findings that DeFrancesco was limited to "sedentary work," a category in which he could perform a substantial number of jobs. At age 50, however, the grid directed a finding of disability. 20 C.F.R. pt. 404, subpt. P, App. 2, Table No. 1, Rule 201.14. DeFrancesco therefore was denied benefits from his claimed disability date, February 1984, until his fiftieth birthday, March 13,

---

**1.** The Seventh Circuit opinion contains a more extensive account of the administrative record than is set forth herein.

**2.** DeFrancesco's widow, Jo Ann, replaced her husband as plaintiff on August 15, 1991.

1986, but allowed benefits from then until his death on December 1, 1988.

Mrs. DeFrancesco and the Secretary filed their instant cross motions for summary judgment on April 24 and May 20, 1992, respectively. Mrs. DeFrancesco requests reversal of the Secretary's (Appeals Council's) final March 10, 1992 decision, and asks this court to find that DeFrancesco was totally disabled and entitled to benefits beginning in February 1984—not March 13, 1986—until his death. The Secretary seeks affirmance of his March 10 decision.

## DISCUSSION

■ The Secretary's final decision must be affirmed if it is supported by "substantial evidence." 42 U.S.C. § 405(g); *Scivally v. Sullivan*, 966 F.2d 1070, 1075 (7th Cir.1992). Reversal is warranted only if substantial supporting evidence is lacking or an erroneous legal standard was applied. *Scivally*, 966 F.2d at 1075. The substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

■ Both the Secretary and Mrs. DeFrancesco contend that the other side's position violates the law of the case. *See Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991) (issues expressly or impliedly decided by appellate court are binding on subsequent proceedings in case in the absence of (1) "substantial new evidence," (2) new Supreme Court decision, or (3) second reviewing panel convinced that first panel's ruling was erroneous). The Secretary contends that the Seventh Circuit's opinion remanding this case to the Secretary decided that DeFrancesco could do sedentary work, that application of the grid to his sedentary capacity was proper because the appeals panel's direction to "get off their grids" applied only to the "light work" issue, and that Mrs. DeFrancesco is improperly seeking to reopen the sedentary capacity issue. Mrs. DeFrancesco, on the other hand, contends that the Seventh Circuit did not decide the sedentary capacity issue, basing its decision solely on the "light work" issue. She also argues that the Secretary violated the Seventh Circuit's "get off their grids" direction by applying the grids to DeFrancesco's sedentary capacity.

With regard to sedentary capacity, the Secretary's brief quoted the Seventh Circuit opinion in a misleading manner. The opinion does state that "DeFrancesco has the physical capacity to do sedentary work," as the Secretary noted while omitting the rest of the sentence, "but that is immaterial given his age, education, and work experience." *DeFrancesco*, 867 F.2d at 1045. Had the Secretary recited the first part of the quote at a trial, DeFrancesco could have demanded an immediate reading of the rest of the quote under the "completeness" rule in Fed.R.Evid. 106. *United States v. LeFevour*, 798 F.2d 977, 981 (7th Cir.1986).[3] The full quote reflects an earlier finding in the opinion that the grid makes "sedentary" work irrelevant—"not a realistic option"—based on DeFrancesco's age and background. *DeFrancesco*, 867 F.2d at 1042 (citing 20 C.F.R. pt. 404, subpt. P, App. 2, § 201.00(g)). Only "light work" capacity could prevent a finding of total disability. *Id.*

■ The Secretary found, in his March 10 ruling, that the grid requires a finding that DeFrancesco was disabled at age 50. DeFrancesco had reached that age at the time of the Seventh Circuit opinion (by then DeFrancesco had already passed away at age 52), and the appeals panel may not have realized that part of DeFrancesco's claim covered a roughly two-year period before he turned fifty. On the other hand, this court must presume that the Seventh Circuit was aware of the full record and that its findings accurately reflect the record and the grid. The appeals opinion discusses DeFrancesco's claim as a whole, without any subparts, and clearly states

---

**3.** "An example would be accusing the Biblical David of blasphemy for saying, 'There is no God,' his full statement being, 'The fool hath said in his heart, there is no God.'" *LeFevour*, 798 F.2d at 981 (citing *Trial of Algernon Sidney*, 9 Howell's State Trials 818, 868–69 (K.B. 1683)).

that "sedentary" work is out of the case; DeFrancesco's claim depended only on the extent of "light work" he could perform. *Id.* at 1042, 1045.

The remand order directing the Secretary to get his ALJs "off their grids," *id.* at 1045, therefore pertained only to "light work." Because "sedentary" capability had already been deemed irrelevant, there was no need for the Seventh Circuit to state whether the grids should be applied to "sedentary work."

The Appeals Council found in its March 10 ruling that DeFrancesco could not perform any "light work." That should have ended the matter; DeFrancesco's claim should have been accepted in full. Accordingly, the court finds that the Secretary applied an erroneous legal standard, reverses the Secretary's March 10 ruling and enters summary judgment for Mrs. DeFrancesco.

■ Additionally, the court finds that the Secretary improperly rejected medical and vocational evidence showing that DeFrancesco would not have been able to perform a wide range of "sedentary" jobs. The Secretary has received ample opportunity, both during the initial proceedings and the post-remand proceedings, to show that DeFrancesco could perform "any substantial gainful activity" despite the extensive evidence of DeFrancesco's serious, and ultimately fatal, illnesses. *See* 42 U.S.C. § 423(d)(1)(A) (defining "disability"). The Secretary has failed to show that DeFrancesco was not disabled at his claimed onset date, February 1984. *See Key*, 925 F.2d at 1063 (Secretary's burden to prove by substantial evidence that claimant was not disabled).

### CONCLUSION

For the above reasons, plaintiff DeFrancesco's motion for summary judgment is granted and defendant Secretary's motion for summary judgment is denied.

IT IS SO ORDERED.