**Jo Ann DeFRANCESCO, on Behalf of Donald P. DeFRANCESCO, deceased, Plaintiff,**

**v.**

**Louis SULLIVAN, Secretary, Health and Human Services, Defendant.**

**No. 87 C 5091.**

United States District Court, N.D. Illinois, E.D.

Sept. 28, 1992.

Frederick J. Daley, Dorie Budlow, Chicago, Ill., for plaintiff.

Thomas P. Walsh, Asst. U.S. Atty., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is plaintiff Jo Ann De-Francesco's motion for attorney's fees.[1] For the reasons that follow, the motion is granted and plaintiff is awarded $26,421.60 in fees, $2,106 in expenses, and $120 in costs.

## BACKGROUND

This case involves lengthy administrative and court proceedings over plaintiff's claim for social security disability benefits for which she now seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff's husband, Donald P. DeFrancesco ("DeFrancesco"), a former truck driver who suffered from diabetes and heart disease, applied for Social Security disability benefits on October 16, 1985, claiming he was disabled as of February 21, 1984. Defrancesco's claim was first rejected on November 13, 1986 by an administrative law judge ("ALJ"), who found that DeFrancesco retained the ability to do light work. DeFrancesco then lost appeals to the Secretary of Health and Human Services (the "Secretary") and a district court. *DeFrancesco v. Bowen,* 679 F.Supp. 785 (N.D.Ill.1988) (J. Bua). Unlike his prior two appeals, DeFrancesco's third appeal proved successful; the Seventh Circuit reversed the ALJ's decision and remanded the case for a new hearing. *DeFrancesco v. Bowen,* 867 F.2d 1040 (7th Cir.1989).

On remand, an ALJ again rejected De-Francesco's claim, but this decision was reversed by the Secretary's Appeals Council, which ruled on August 22, 1991, that DeFrancesco had been disabled from his

---

**1.** The claimant and original plaintiff in this action, Donald P. DeFrancesco, died on December 1, 1988. His widow, Jo Ann DeFrancesco, who is entitled to any past-due disability benefits, replaced her husband as plaintiff on August 15, 1991 and is hereinafter referred to as "plaintiff."

fiftieth birthday, March 1, 1986, until his death on December 1, 1988. Plaintiff then sought reconsideration, upon which the Appeals Council, on March 10, 1992, affirmed its prior ruling while including additional factual findings. Plaintiff and the Secretary subsequently sought review of the Appeals Council's ruling, filing with this court cross motions for summary judgment. Plaintiff's motion requested reversal of the Appeals Council's decision and asked this court to find that DeFrancesco was entitled to benefits beginning in February 1984—not March 13, 1986—until his death. The Secretary's motion sought affirmance of the Appeals Council's March 10 decision. This court found that the Secretary failed to demonstrate that DeFrancesco was not disabled at his claimed February 1984 onset date and, accordingly, reversed the Secretary's March 10 ruling and entered summary judgment in favor of plaintiff.

On September 12, 1991, while the reconsideration motion was pending in the Appeals Council, plaintiff filed a motion before Judge Nicholas J. Bua for attorney's fees as a prevailing plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Plaintiff sought a total of $38,798.07—$36,572.07 in fees, $2,106 in expenses, and $120 in costs—but offered to settle the total claim for $32,200.35. Additionally, Plaintiff filed a motion with the district court to retain jurisdiction for purposes of awarding the EAJA fees. By an order dated October 25, 1991, Judge Bua agreed to retain jurisdiction pending the outcome of the reconsideration motion. On November 14, 1991, after Judge Bua's retirement from the bench, the case was transferred to this court. Plaintiff subsequently filed the instant amended motion for EAJA fees on December 6, 1991, seeking an additional $6,959.17 in attorneys' fees, for a total award of $45,757.25.[2]

The Secretary opposes Plaintiff's motion, arguing that under the Supreme Court's decision in *Melkonyan v. Sullivan*, — U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78

(1991), the time for petitioning for fees under the EAJA has long since expired and that the Secretary's position in this case was substantially justified. In the alternative, the Secretary argues that the amount of fees requested is unreasonable and should be reduced.

## DISCUSSION

In order to invoke the subject matter jurisdiction of the district court for attorney fees under the EAJA, the party seeking fees must file its application "within 30 days of the final judgment in the action...." 28 U.S.C. 2412(d)(1)(B). Citing *Melkonyan v. Sullivan*, — U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Secretary argues that the appellate court's decision of February 8, 1989, remanding Plaintiff's claim to the Secretary for further proceedings, was the "final judgment" for § 2412(d)(1)(B) purposes and that Plaintiff's EAJA fee motion, having been filed September 12, 1991, is untimely. Whether the judgment remanding a case to the Secretary is a "final judgment" depends upon the nature of the remand pursuant to 42 U.S.C. § 405(g). As the Supreme Court held in *Melkonyan*, there are only two types of remands permissible under § 405(g):

> Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier. Congress' explicit delineation § 405(g) regarding the circumstances under which remands are authorized leads us to conclude that it intended to limit the district court's authority to enter remand orders to these two types.

*Melkonyan*, — U.S. at ——, 111 S.Ct. at 2164 (footnote omitted). The *Melkonyan*

---

**2.** Plaintiff's amended motion seeks "a total EAJA Award of $45,657.50." (emphasis added). This court shall provide plaintiff the benefit of traditional mathematics and presume that the intended amount sought be the arithmetic sum of $43,531.25, $2,106, and $120.

Court interpreted § 405(g) to mean that a remand to the Secretary under sentence four of 42 U.S.C. § 405(g) becomes a final judgment for EAJA purposes when the appeal period has run, but a remand under sentence six cannot be a final judgment. *Id.* —— U.S. at ——, 111 S.Ct. at 2165. *Melkonyan* overruled Seventh Circuit precedent which had provided a plaintiff with "prevailing party" status—a prerequisite to an EAJA award—only after completion of successful post-remand proceedings before the Secretary. *Singleton v. Bowen,* 841 F.2d 710, 711 (7th Cir.1988). *Melkonyan* also overruled the Seventh Circuit holding that an administrative body, such as the Secretary's Appeals Council, could render a "final judgment" triggering the EAJA filing period. *Jabaay v. Sullivan,* 920 F.2d 472, 475 (7th Cir.1990), *vacated,* 946 F.2d 897 (7th Cir.1991); *see Cummings v. Sullivan,* 950 F.2d 492, 495 n. 4 (7th Cir.1991) (noting effect of *Melkonyan* on *Jabaay* ).

The Secretary argues that the appellate court's remand was a "sentence four" remand, which authorizes the reviewing court to remand the cause to the Secretary in conjunction with a judgment "affirming, modifying, or reversing" the decision of the Secretary. Although the 7th Circuit did not identify the sentence of § 405(g) under which it was remanding the case to the Secretary, the remand could only arise under sentence four. The remand was not for the purpose of taking additional, newly discovered evidence, nor was it based upon a showing of good cause. The appellate court simply held that the administrative record did not support the Secretary's denial of Plaintiff's claim and sent the case back for further proceedings. Since the remand was not a "sentence six" remand, the Secretary correctly argues that it falls under the fourth sentence, one made in conjunction with a judgment "affirming,

modifying, or reversing" the decision of the Secretary.

Having established that the appellate court's 1989 order was a "sentence four" remand, the Secretary argues that, pursuant to *Melkonyan,* Plaintiff must have filed her application within 30 days after the remand order became unappealable in order to recover EAJA attorney's fees. Although many district courts have reiterated the Secretary's position, every appellate court to confront the issue has rejected it, albeit on widely disparate grounds.[3] *See Hafner v. Sullivan,* 972 F.2d 249 (8th Cir. 1992) (district court retained jurisdiction to enter dispositive "sentence four" judgment after Secretary's reevaluation of application); *Gutierrez v. Sullivan,* 953 F.2d 579, 583–584 (10th Cir.1992) (district court retained jurisdiction despite "sentence four" remand); *Luna v. Department of H.H.S.,* 948 F.2d 169 (5th Cir.1991) (applies equitable tolling); *Sargent v. Sullivan,* 941 F.2d 1207 (4th Cir.1991) (unpublished) (*Melkonyan* not retroactive). The obvious practical problem with the Secretary's position in the present case is that the appellate court's 1989 remand did not direct the award of benefits to plaintiff; the Secretary's position would require plaintiff to have filed an anticipatory EAJA petition at a time when it would have been denied or indefinitely suspended. This court previously addressed the post-*Melkonyan* remand jurisdiction issue and declined to apply *Melkonyan* retroactively to "sentence four" remands. *Lindner v. Sullivan,* 799 F.Supp. 888 (N.D.Ill.1992).

In *Lindner,* this court addressed the factors enunciated in *Chevron Oil Co. v. Hudson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) for rejecting the presumption of retroactive application of a judicial decision.[4] *Lindner,* 799

---

3. The Seventh Circuit managed to avoid the question in *Damato v. Sullivan,* 945 F.2d 982 (1991), finding that the remand to the Secretary in that case was ordered pursuant to sentence six of § 405(g).

4. The Secretary has asserted that the Supreme Court's decision in *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115

L.Ed.2d 481 (1991) (it is error to refuse to apply a rule of federal law retroactively after the case announcing that rule has already done so) undermines the test enunciated by *Chevron.* In *Beam,* however, no majority opinion was rendered, and the opinion announcing the judgment was written only by Justice Souter, with Justice Stevens joining. Furthermore, *Melko-*

F.Supp. at 891. Applying the *Chevron* factors to the instant case, the court finds (1) that *Melkonyan* established a new legal principle by overruling clear past precedent in this circuit on which plaintiff relied, (2) that retroactive application of *Melkonyan* would retard the EAJA purpose of allowing prevailing plaintiffs to recover attorney's fees, and (3) that application of *Melkonyan* to plaintiff's case would be inequitable. As this court noted in *Lindner*, "*Melkonyan* overruled Seventh Circuit precedent regarding both the EAJA filing period and the definition of 'final judgment.' " *Lindner*, 799 F.Supp. at 891 (citations omitted).

■ Plaintiff first sought EAJA fees on September 12, 1991, over two and a half years after the Seventh Circuit's remand of the case, but less than one month after the Secretary's Appeals Council issued its decision finding DeFrancesco entitled to disability benefits. Following the initial fee application, Judge Bua granted plaintiff's motion to retain jurisdiction for purposes of awarding EAJA fees while plaintiff sought reconsideration of the Appeals Council's decision. The Secretary does not contend that plaintiff's EAJA fee application is untimely under pre-*Melkonyan* law. Accordingly, the court finds that it has jurisdiction to consider plaintiff's present fee petition.

■ In addition to asserting that the amended fee motion is untimely and that the court lacks jurisdiction to hear it, the Secretary also asserts that its position opposing plaintiff's disability benefits claim was substantially justified. Under 28 U.S.C. § 2412(d)(1)(A), a party, such as plaintiff, who prevails against the Secretary in a suit over disability benefits is entitled to attorney fees incurred in the civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The Secretary's position is substantially justified "if a reasonable person could think it correct, that is, it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552,

566 n. 2, 108 S.Ct. 2541, 2550 n. 2, 101 L.Ed.2d 490 (1988). The Secretary carries the burden of proving the denial of benefits was substantially justified. *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir.1991).

■ The Secretary argues that its original position denying benefits was substantially justified because the ALJ's conclusion, based on the evidence presented, was reasonable. This assertion of the Secretary is certainly wrong. In reviewing the administrative proceedings, the Seventh Circuit stated:

> The administrative law judge's opinion contains a *serious logical error* and is also *inconsistent* with Dr. Abramson's testimony … and with the Social Security Administration's guidelines for adjudicating disability cases.

*DeFrancesco v. Bowen*, 867 F.2d 1040, 1044 (1989). Judge Posner, writing for the unanimous panel, found incredible the Secretary's position that DeFrancesco was not totally disabled from light work involving the use of foot controls. The court of appeals also found, contrary to the Secretary's conclusion, that DeFrancesco's impairments were so significantly compromised that the Social Security Administration's (the "SSA") guidelines for determining disability required an individualized assessment because he could not be reasonably expected to perform the full range of light work that the guidelines presuppose. *Id.* at 1045. Additionally, the appellate court found that the Secretary failed to follow the SSA's Social Security Ruling 83-12, which requires the use of vocational testimony when the claimant's impairments preclude the performance of a range of work circumscribed by the SSA guidelines. In attempting to ascertain an explanation as to why the ALJ failed to hear vocational expert testimony, the court surmised that:

> This administrative law judge failed to use [the Secretary's rule requiring vocational expert testimony] either because of his belief—*untenable given the record*—that DeFrancesco's medical condi-

---

*nyan* did not involve a "fourth sentence" remand and therefore did not apply the new time-

liness rule for "fourth sentence" remands to the litigants in that case.

tion impaired his ability to perform light work only slightly, or because the administrative law judge confused a medical advisor with a vocational specialist.

*Id.* (emphasis added).

The language of the appellate court's opinion indicates that the Secretary's decision was overturned because of serious flaws in fact and in law. The Seventh Circuit found the ALJ's position to be inconsistent, illogical, untenable, and contrary to regulations and Social Security Rulings. As identified by the court of appeals, the legal and factual errors committed by the ALJ dissuade the reasonableness of the Secretary's position. The Secretary's denial of DeFrancesco's disability benefits cannot be justified to a degree that could satisfy a reasonable person. Accordingly, plaintiff is entitled to fees under the EAJA.

■ Having established that plaintiff is entitled to EAJA fees, the court can now address the specifics of plaintiff's application. Plaintiff seeks compensation for 239.75 hours of attorney time at $175 per hour and 21 hours of work by law students at $75 per hour. The attorney time set forth in plaintiff's application accounts for all of the legal work performed in connection with this case, including the time spent in proceedings before this court, before the court of appeals, and before the ALJ and the Secretary on remand. Since plaintiff succeeded in establishing her rights to disability benefits, she is entitled to compensation for all of the time reasonably expended in the success of this action. *See Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 160–62, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990) (time reasonably expended is compensable under the EAJA); *Texas State Teachers Association v. Garland Independent School District,* 489 U.S. 782, 791–93, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (degree of claimant's success relevant in quantifying applicant's entitlement to fees). The Secretary requests that plaintiff's compensable attorney time be limited to plaintiff's successful endeavors, and additionally asks that the hourly rates requested by plaintiff be reduced.

■ The Secretary contends that any award to plaintiff should be discounted by any aspect of the litigation on which plaintiff did not succeed. Specifically, the Secretary identifies the time spent by plaintiff in the unsuccessful attempt to persuade the Appeals Council, on remand, to find DeFrancesco disabled as of February 12, 1984, rather than as of March 13, 1986. However, plaintiff's lack of success with the Appeals Council is inconsequential in light this court's reversal of the Appeals Council's final decision and plaintiff's ultimate success on her endeavor. *DeFrancesco v. Sullivan,* 794 F.Supp. 282 (N.D.Ill. 1992). Nevertheless, this court has identified some duplicative or unnecessary hours, such as several 15–minute items for phone calls to various parties requesting information or regarding scheduling, which ordinarily require one minute or less, in plaintiff's time logs. These problems are very limited; the court, nevertheless, reduces the overall number of attorney hours requested, 239.75, by five percent rounded to the nearest full hour, leaving 228 hours. The full 21 hours of law student time that plaintiff requested is allowed.

■ With regard to the requested hourly rates, the EAJA provides a maximum $75 hourly rate for attorneys, unless the court finds that higher rates are justified by cost-of-living increases or a "special factor" such as a limited availability of attorneys for such proceedings. 28 U.S.C. § 2412(d)(2)(A). Plaintiff contends that a "special factor" exists here because few, if any, qualified attorneys in the Chicago area are willing to take such cases at a $75 per hour rate; plaintiff alleges that a $175 per hour rate is necessary to attract experienced counsel for such cases in this area. Such general market rate details, however, do no constitute a "special factor" sufficient to justify an increase in the maximum statutory rate. *Pierce v. Underwood,* 487 U.S. 552, 571–72, 108 S.Ct. 2541, 2553 (1988). "Special factor" instead refers to specialized skills necessary for the particular case, which plaintiff has failed to show. *Id.* 487 U.S. at 572–73, 108 S.Ct. at 2553–54.

■ Alternatively, plaintiff seeks a cost-of-living increase to $143.61 for the attor-

neys based on the "legal services" increase identified in the Consumer Price Index ("CPI"). As a tertiary position, plaintiff suggests a $112.20 hourly rate based on the "all items" increase in the CPI. The Secretary argues that, if any fee award is allowed, the "all items" CPI increase should be applied, for an hourly rate of $111.37.

The court agrees with those courts that have applied the "all items" CPI figure as the best means of implementing Congress's allowance in § 2412(d)(2)(A) of "cost of living" adjustments to the $75 attorney's fee ceiling. *See, e.g., Sullivan v. Sullivan,* 958 F.2d 574, 576–77 (4th Cir.1992); *Uskokovic v. Sullivan,* 772 F.Supp. 387, 392–93 (N.D.Ill.1991). The Plaintiff's $112.20 rate is consistent with recent awards by other courts and is therefore accepted. *See, e.g., Lindner v. Sullivan,* 799 F.Supp. 888 (N.D.Ill. 1992) (August 1992 award at $112.50 rate); *McPhan v. Sullivan,* No. 86 C 5237 (N.D.Ill. August 21, 1992) (August 1992 award at $112.50 rate); *Butts v. Bowen,* 775 F.Supp. 1167, 1173 (N.D.Ill.1991) (October 1991 award at $111.37 rate); *Uskokovic,* 772 F.Supp. at 393 (July 1991 award at $107.25 rate); *Kidd v. Sullivan,* No. 87 C 8532, 1990 WL 103569, at *2, 1990 U.S.Dist. LEXIS 8394, at *4 (N.D.Ill. July 2, 1990) ($104 rate).

Finally, the court finds the $75 hourly rate requested for the law student to be excessive and accordingly reduces it to $40. The requested $2,106 in expenses and $120 in costs, however, are allowed in full.

### CONCLUSION

Plaintiff's fee petition is granted in part and denied in part. Plaintiff is awarded fees of $26,421.60, expenses of $2,106 and costs of $120, for a total award of $28,647.60. The Secretary is directed to pay this judgment to plaintiff's attorney, Frederick J. Daley, who shall then reimburse plaintiff for any expenses or costs which she has already paid.

IT IS SO ORDERED.