Dennis PETERSON, Plaintiff,

v.

Donna SHALALA, Secretary of Health and Human Services, Defendant.

Civ. No. 89–3390.

United States District Court, S.D. Illinois.

April 13, 1993.

Karen K. Bill, Harlan, Harlan & Still, Columbia, MO, for plaintiff.

Laura J. Jones, Asst. U.S. Atty., Fairview Heights, IL, John L. Martin, Asst. Regional Counsel, Dept. of Health & Human Services, Chicago, IL, for defendant.

## ORDER

COHN, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), the parties have consented to final entry of judgment by a United States Magistrate Judge. An Order of Reference was entered by now Chief Judge William D. Stiehl on March 27, 1990.

This case involves plaintiff's social security benefits claim for which his attorney now seeks attorney fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. On August 19, 1987, plaintiff applied for Social Security disability insurance benefits and supplemental security income pursuant to Title II, §§ 216(i) and 223 of the Social Security Act and 42 U.S.C. §§ 416(i) and 423. Plaintiff alleged that he suffered from glaucoma and seizures which rendered him disabled. It was later established that he was suffering from blindness in his left eye, a healed broken ankle, a personality disorder and a history of alcoholism. The Social Security Administration ("Secretary") denied plaintiff's application, both initially and upon reconsideration. Plaintiff then requested and was granted a hearing before an administrative law judge ("ALJ"). After a *de novo* hearing the ALJ issued a written decision denying plaintiff's application on January 27, 1989. Plaintiff requested review of that decision by the Appeals Council. The Appeals Council denied plaintiff's request for review, leaving the ALJ's decision to stand as the Secretary's final decision. Subsequently, plaintiff sought judicial review of the Secretary's decision under 42 U.S.C. § 405(g).

On June 27, 1990, this Court vacated the decision of the Appeals Council, remanded to

the Secretary for further findings, and directed the Secretary to order a complete psychological evaluation of the plaintiff. The case was reheard by an ALJ, and on April 26, 1991, the ALJ found that plaintiff had been disabled since August 14, 1987, and was eligible for disability insurance benefits and supplemental security income. On May 23, 1991, twenty-seven days after the ALJ's decision, plaintiff's attorney sought attorney fees under EAJA. Thereafter, on June 10, 1991, the Supreme Court clarified the law regarding final judgments in social security disability cases which trigger the thirty-day period for filing EAJA attorney's fee petitions under 28 U.S.C. § 2412(d)(1)(B). *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

■ Before awarding attorney fees under the EAJA, this Court must find that (1) plaintiff is a "prevailing Party," (2) the Secretary's original position denying benefits was not "substantially justified," (3) no "special circumstances" exist in this case that would make a fee award unjust, and (4) the fee petition was filed within 30 days of final judgment and included an itemized statement detailing the hours spent and rates claimed as required by 28 U.S.C. § 2412(d)(1)(B). *Cummings v. Sullivan,* 950 F.2d 492, 494–95 (7th Cir.1991) (*citing Commissioner, INS v. Jean,* 496 U.S. 154, 158–60, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990)).

■ The Secretary opposes plaintiff's EAJA petition in total as untimely, and alternatively contends that the Secretary's original position denying plaintiff benefits was "substantially justified" and that the fee requested is excessive. The Secretary's timeliness position is premised on the Supreme Court's *Melkonyan* decision. In that case, the Court analyzed the interplay between § 2412(d)(1)(B) of the EAJA and § 405(g) of the Social Security Act, which provides for judicial review of administrative decisions in

social security disability cases. At issue in *Melkonyan* were those portions of § 405(g) which provide for remands by a district court to the Secretary. The Supreme Court definitively held that § 405(g) provides for only two types of remands—sentence four remands and sentence six remands. *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2164; *Damato v. Sullivan,* 945 F.2d 982, 986 (7th Cir.1991). The Court concluded that, with respect to either type of remand, a "final judgment" which begins the clock under § 2412(d)(1)(B) is a judgment rendered by a court of law, as opposed to an administrative agency, which "terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2162. Thus, a remand to the Secretary under sentence four[1] of § 405(g) becomes a final judgment for this purpose when the 30 day appeal period has run after the district court's remand, but a remand under sentence six[2] of § 405(g) is not a final judgment. *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2165. Following a sentence six remand, the Secretary files additional or modified findings with the court, and the court then enters a final judgment which starts the EAJA clock. § 405(g), sentence six; *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2165.

■ The Supreme Court's holding in *Melkonyan* overruled established Seventh Circuit precedent which held that when a court remands a social security disability claim, "prevailing party" status, a prerequisite to an EAJA award, could not be achieved until post-remand proceedings before the Secretary were complete. *Singleton v. Bowen,* 841 F.2d 710, 711 (7th Cir.1990). *Melkonyan* also overruled the Seventh Circuit's holding that a "final judgment" triggering the 30 day EAJA filing period could be rendered by an

---

**1.** Sentence four of § 405(g) authorizes district courts "to enter ... a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause of a rehearing."

**2.** Sentence six of § 405(g) authorizes the district courts "on motion of the Secretary made for good cause shown before he files his answer,

remand the case to the Secretary for further action ... and it may at any time order additional evidence to be taken ... but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...."

administrative body, such as the Secretary's Appeals Council, rather than a court. *Jabaay v. Sullivan,* 920 F.2d 472, 475 (7th Cir.1990), *vacated,* 946 F.2d 897 (7th Cir. 1991). The ALJ rendered a favorable decision granting plaintiff benefits on April 26, 1991. Plaintiff's attorney filed the EAJA petition with this court on May 23, 1991—27 days later. *Melkonyan* was not decided until June 10. It is undisputed that under pre-*Melkonyan* Seventh Circuit precedent plaintiff's EAJA petition would have been timely filed, regardless of whether this court's remand to the Secretary was pursuant to sentence four or sentence six of § 405(g). Under *Melkonyan,* a sentence four remand would bar plaintiff's EAJA petition while a sentence six remand would not.

The plaintiff argues that even a sentence four remand would not render the EAJA petition untimely because *Melkonyan* should not apply retroactively. In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court articulated three factors relevant to the consideration of whether or not a judicial decision should be applied retroactively. First, the decision "must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron,* 404 U.S. at 106–07, 92 S.Ct. at 355 (citations omitted). Second, the Court must "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Id. (quoting Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965)). Finally, the Court must consider any inequity that may result from retroactive application of the rule. *Id.* Applying the *Chevron* factors to the instant case, the court finds (1) that *Melkonyan* established a new legal principle by overruling clear past precedent in this circuit on which plaintiff relied, (2) that retroactive application of *Melkonyan* would retard the EAJA purpose of allowing prevailing plaintiffs to recover attorney's fees, and (3) that application of *Melkonyan* to plaintiff's case would be inequitable. Consequently, the consideration of these factors in the present circumstances leads to the conclusion that the *Melkonyan* decision should not be applied retroactively to this case, and plaintiff's EAJA petition is timely under prior law which was in effect in this circuit at the time the EAJA petition was filed. This result is consistent with other courts of this circuit which have considered the question. *See, e.g., DeFrancesco v. Sullivan,* 803 F.Supp. 1332 (N.D.Ill.1992); *Lindner v. Sullivan,* 799 F.Supp. 888 (N.D.Ill.1992); *Henry v. Sullivan,* No. 87 C 9389, 1992 U.S.Dist. LEXIS 5181, at *7–8 (N.D.Ill. April 14, 1992); *Pizzo v. Sullivan,* No. 87 C 5421, 1992 WL 69991, at *3–4, U.S.Dist. LEXIS 5206, at *8–16 (N.D.Ill. March 27, 1992).

In addition to asserting that the EAJA petition is untimely and that the court lacks jurisdiction to hear it, the Secretary also asserts that its position opposing plaintiff's claim for benefits was substantially justified. Under 28 U.S.C. § 2412(d)(1)(A), a party, such as the plaintiff, who prevails against the Secretary in a suit over disability benefits is entitled to attorney fees incurred in the civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The Secretary's position is substantially justified "if a reasonable person could think it correct, that is, it has a reasonable basis in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 2550 n. 2, 101 L.Ed.2d 490 (1988). The Secretary carries the burden of proving the denial of benefits was substantially justified. *Welter v. Sullivan,* 941 F.2d 674, 676 (8th Cir.1991). This court finds that the Secretary has not carried that burden.

The record reveals a litany of medical problems suffered by the plaintiff. Throughout this proceeding, the Secretary adopted the findings of the ALJ that the "medical evidence establishes that the claimant has a seizure disorder, loss of sight in his left eye, a personality disorder, a history of a healed malleous fracture and a history of alcoholism, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." The June 27,

1990 remand to the Secretary was premised on this court's concern that the ALJ had not properly considered the combined effects of the plaintiff's various impairments as a whole and had discounted extensive evidence in the record pointing to the severity of the plaintiff's alcoholism. These concerns were borne out when, on rehearing after the remand, the ALJ found, "considering the combined impairments ... the claimant has been disabled since August 14, 1987. The claimant's personality disorder meets the requirements of the Listing of Impairments of Section 12.-08(A)(B), of Listing of Impairments Appendix 1, Subpart P, Regulations No. 4." The effects and severity of several impairments cannot be considered separately without regard to the fact that a claimant suffers from the ailments at the same time. *Ostrowski v. Heckler*, 609 F.Supp. 1109, 1117–18 (N.D.Ill. 1985). Because of the shortcomings in the first ALJ's decision, and the Secretary's reliance on them, the conduct of the Secretary in denying the plaintiff disability benefits was not "substantially justified."

■■■ The plaintiff's attorney, Karen Kraus Bill, submitted an itemized statement seeking approval for 53.25 hours at the rate of $106.85,[3] and $252.00 for expenses she incurred. Ms. Bill also requested approval of 2 more hours spent preparing the brief in reply to the Secretary's response to the EAJA fee petition. The Secretary objects to the requested fee as excessive and this court agrees. Plaintiff's attorney states in her affidavit that her normal hourly rate in cases paid by cash retainer is one hundred dollars ($100.00) per hour. This court finds no reason why Ms. Bill's fee should exceed her normal hourly rate. EAJA's purpose is to provide plaintiff access to the courts, not to provide a windfall to attorneys. This Court further finds that plaintiff's attorney is not entitled to her hourly rate for the eleven hours of travel time she itemized in the EAJA petition. The Court notes that plaintiff's attorney practices in a judicial district a good distance from this court. To expect the United States to pay travel expenses to attend court proceedings is unthinkable; coun-

sel must bear some cost of litigating in a district far from her office. Accordingly, the court will authorize four hours of travel time at $100.00 per hour. Ms. Bill's claimed expenses of $252.00 are reasonable. The Court will authorize mileage for 495 miles at $.25 per mile.

Accordingly, for the above stated reasons, plaintiff's Attorney, Karen Kraus Bill, is awarded $4,625.00 in fees, expenses of $252.00 and mileage costs of $123.75, for a total of $5,000.75.

---

**3.** According to the affidavit of Don Shilling, an economics professor at the University of Missouri, this amount reflects the $75.00 per hour EAJA maximum hourly rate multiplied by 1.425—the St. Louis and Kansas City Consumer Price Index.